# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAVASU WATER CO., <br><br> Plaintiff, <br><br> v. <br><br> CHEMEHUEVI INDIAN TRIBE, et al. <br><br> Defendants. | Case No. ED CV 19-615-SP <br><br> MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION FOR FAILURE TO EFFECT SERVICE |

## I.
## PROCEEDINGS

On April 5, 2019, plaintiff Havasu Water Co. filed a complaint against defendants Chemehuevi Indian Tribe and the United States of America. Plaintiff alleges it and the Chemehuevi Indian Tribe entered into a settlement agreement in 1976 in which the Tribe granted plaintiff an easement over specific parcels of land, but that the Tribe informed plaintiff in February 2019 that plaintiff's easement had expired. Plaintiff seeks a declaratory judgment regarding the rights of the parties with respect to the easement and more specifically seeks an easement by prescription.

Per Federal Rule of Civil Procedure 4(m), plaintiff was required to serve

each defendant with the summons and complaint within 90 days of the complaint's filing, or no later than July 4, 2019. After this date passed without plaintiff filing a proof of service or any other indication plaintiff had effected service, the Court issued an Order to Show Cause ("OSC") on July 17, 2019, ordering plaintiff to show cause why the case should not be dismissed for failure to effect service and prosecute. In the OSC, the Court ordered plaintiff to show cause in writing by July 31, 2019 why the case should not be dismissed. The Court further advised plaintiff that it could discharge the OSC by filing proof of service of the summons and complaint by July 31, 2019, and warned plaintiff that failure to respond to the OSC or further failure to prosecute this action may result in dismissal of this action for failure to prosecute. More than a week having passed since the July 31, 2019 deadline to respond to the OSC, plaintiff has failed to file a proof of service with the Court or otherwise respond to the OSC as ordered.

## II.
## **DISCUSSION**

Given that plaintiff has not demonstrated that defendants have been served and has not responded to the Court's July 17, 2019 OSC, this case will be dismissed for failure to effect service. As detailed above, on July 17, 2019, the Court issued an OSC in which the Court noted Federal Rule of Civil Procedure 4(m) gave plaintiff until July 4, 2019 to serve defendants, and ordered plaintiff to show cause in writing by July 31, 2019 why the case should not be dismissed for its failure to effect service. The Court also cautioned plaintiff that failure to comply with the order may result in dismissal of the action. Plaintiff failed to file any response to the OSC, and has failed to serve the complaint and file a proof of service.

Rule 4(m) requires:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff's original deadline to serve the complaint was July 4, 2019, and it has not shown good cause for its failure to serve the complaint and file proof of that service. Plaintiff still has not filed any proof of service, and there is no indication defendants have been served. Indeed, plaintiff has not responded in any fashion to the Court's OSC. Thus, dismissal of this action is mandated under Rule 4(m).

In addition, it is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Unlike the plaintiff in *Carey*, plaintiff here is not pro se; yet it has failed to serve the summons and complaint on defendants, failed to file a proof of such service with the Court, and failed to respond to the Court's July 17, 2019 OSC. Plaintiff's failure to follow the Court's orders and to prosecute its case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that it does not intend to litigate this action diligently, and in accordance with the Court's orders. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendant arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not responded in any fashion to the Court's July 17, 2019 OSC and has provided no reason whatsoever for failing to comply with the Federal Rules of Civil Procedure or respond to the OSC. Thus, the third factor

4

also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to timely serve the complaint as required by the Federal Rules of Civil Procedure and comply with the Court's July 17, 2019 order, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, plaintiff has already been warned that failure to respond to the OSC within the time allowed or show good cause for the failure could result in the dismissal of this action, but this warning has had no apparent effect.

The Court attempted to avoid dismissal by: (1) advising plaintiff in its July 17, 2019 OSC of its failure to timely file such a proof of service with the Court, and that failure to respond to the OSC may result in dismissal of this action for failure to prosecute; and (2) waiting more than a week beyond the July 31, 2019 deadline to respond to the OSC before dismissing this action. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to

5

be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to effect service and prosecute this action.

### III.
### ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: August 16, 2019

_____
HONORABLE VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE